A07A0271. In the Interest of S. Y. et al., children.

(644 SE2d 145)

Smith, Presiding Judge.

Following an evidentiary hearing, the juvenile court found eight-year-old S. Y., seven-year-old Ty. S., six-year-old Ti. S., four-year-old R. Y., two-year-old Keni. W., and eleven-month-old Ken. W. to be deprived and ordered that temporary custody of the children be placed with the Bibb County Department of Family and Children Services (DFACS). The mother claims on appeal that the evidence was insufficient to support the juvenile court's finding that the children were deprived. For the reasons set forth below, we disagree and affirm.

> In the mother's appeal from the trial court's order of deprivation, we review the evidence from the juvenile court hearings in the light most favorable to the court's judgment and determine whether any rational trier of fact could have found by clear and convincing evidence that the children were deprived.

(Citation omitted.) *In the Interest of J. P.*, 253 Ga. App. 732 (560 SE2d 318) (2002). So viewed, the evidence demonstrates that the mother tested positive for cocaine in July 2003, and the children were removed from her custody the following month and placed with relatives.[1] The children were remanded to the mother's care in March 2005, almost two years later. In September 2005, ten-month-old Keni. W. was treated for an unexplained skull fracture. According to the mother, the injury occurred while the child was staying with the mother's aunt, although the aunt was not sure what happened. Pursuant to an investigation, DFACS developed a safety plan with the mother in which the mother agreed she would not leave any of her children with the aunt, but the mother continued to leave the children with the aunt. In November 2005, Keni. W. was diagnosed with venereal warts in her perineal area, a condition which according to the treating physician is presumed to be sexually transmitted. It was the physician's opinion that Keni. W. had been sexually abused. Evidence further showed that six-year-old Ti. S. was sexually molested by his twelve-year-old cousin while the mother was upstairs asleep sometime during the night.

The mother argues that the evidence is insufficient to establish that the children are deprived or that she is unfit so as to justify her temporary loss of custody. We disagree. For purposes of our analysis,

---

[1] Ken. W., born April 3, 2006, was removed from the mother's custody in May 2006, when all of the children were once again placed in DFACS custody.

a "deprived child" includes a child who "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals." OCGA § 15-11-2 (8) (A). "The petition is brought on behalf of the child and it is the child's welfare and not who is responsible for the conditions which amount to deprivation that is the issue." (Citations and punctuation omitted.) *In the Interest of T. J.*, 273 Ga. App. 547, 549 (615 SE2d 613) (2005). Further,

> [t]o authorize even a loss of temporary custody by a child's parent on the basis of deprivation, the deprivation must be shown to have resulted from unfitness on the part of the parent, that is, either intentional or unintentional misconduct resulting in the abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child.

(Citation and footnote omitted.) *In the Interest of D. N. K.*, 282 Ga. App. 430, 433-434 (1) (638 SE2d 861) (2006).

Although the evidence does not demonstrate how Keni. W. contracted venereal warts or sustained a head injury, the juvenile court was entitled to conclude that Keni. W. was deprived. "The juvenile court's primary responsibility is to consider and protect the welfare of children whose well-being is threatened. . . . [U]nexplained injuries may constitute evidence of deprivation." (Citations and punctuation omitted.) *In the Interest of T. J.*, supra, 273 Ga. App. at 549. Further, although there is no evidence that the mother was directly responsible for Keni. W.'s venereal warts, the evidence supports the conclusion that the child suffered unexplained sexual abuse while in the mother's care, and the juvenile court was authorized to find that the unexplained abuse was the result of the mother's inability to protect the child. See, e.g., *In the Interest of V. M. T.*, 243 Ga. App. 732, 736 (3) (534 SE2d 452) (2000) (mother's inability to protect her child from physical abuse constituted lack of proper parental care or control). The juvenile court properly considered Keni. W.'s neglect in determining that the mother's other children were also without proper parental care or control. See OCGA § 15-11-94 (b) (4) (B) (v). The fact that Ti. S. was molested while the mother was asleep is not alone conclusive evidence of a lack of proper parental care or control. But the juvenile court was entitled to treat this evidence in combination with evidence of the injuries to Keni. W. and evidence that the mother left her children with her aunt after agreeing that the aunt was unsuitable to supervise them, as probative of the mother's inability to protect her children. Given the foregoing, we conclude that a rational trier of fact could have found by clear and convincing evidence that

S. Y., Ty. S., Ti. S., R. Y., Keni. W., and Ken. W. were deprived, and that the deprivation resulted from the mother's misconduct or incapability.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED MARCH 14, 2007.

*Josephine B. Jones*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Elizabeth M. Williamson, Assistant Attorney General, Andrew S. Foster*, for appellee.