651 S.E.2d 467 (2007)
In the Interest of A.R. et al., children.
No. A07A1765.
Court of Appeals of Georgia.
August 22, 2007.
Sidney Aristile Robbins and Curtis Wayne Miller, Lithonia, for Appellant.
Thurbert E. Baker, Atty. General, Shalen S. Nelson, Senior Asst. Aty. General, Elizabeth M. Williamson, Asst. Atty. General, Robert E. Hall, for Appellee.
BERNES, Judge.
The juvenile court entered an order finding two-year-old A.R. and one-year-old A.R.J. deprived and continuing temporary custody of the children in the Department of Family and Children Services. The mother of the children appeals, contending that there was insufficient evidence to support the juvenile court's deprivation finding. For the reasons set forth below, we affirm.

*468 On appeal from a juvenile court's order finding deprivation, we review the evidence in the light most favorable to the juvenile court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that the children were deprived. We neither weigh evidence nor determine the credibility of witnesses.
(Punctuation and footnotes omitted.) In the Interest of G.G., 253 Ga.App. 565, 560 S.E.2d 69 (2002).
Viewed in this light, the evidence shows that A.R. is a special needs child with severe cerebral palsy, a chromosome abnormality, and numerous medical problems. On October 4, 2005, when A.R. was four months old, she was taken to the hospital because of broken bones. The hospital staff suspected abuse and notified the Fulton County Department of Family and Children Services ("DFCS"). DFCS took A.R. into shelter care and filed a deprivation complaint.
The mother consented to a finding that A.R. was deprived. The juvenile court then entered a protective order finding that the mother admitted the biological father had injured the child and that the mother failed to protect the child from the father. The protective order required the mother to attend parenting classes and prohibited her from living with the father. In early 2006, after the father legitimated A.R. and completed anger management and parenting classes, DFCS granted its approval for the mother and father to begin living together again. In April 2006, the mother gave birth to A.R.J., the second child. In June 2006, following a hearing in which the parents demonstrated their compliance with the terms of the protective order, the juvenile court entered an order closing the case.
Approximately two months later, in August 2006, A.R. was taken to the hospital again as a result of numerous injuries, including a fracture of the humerus, a fracture of the jaw, an abnormality of the right femur, a healing fracture of the left femur, and multiple healing rib fractures. The mother could not provide a reasonable explanation for the injuries, and doctors suspected A.R. had been abused. DFCS consequently interceded again, filed a second deprivation petition, and obtained custody of both A.R. and A.R.J. Notably A.R. has not sustained any additional bone fractures since being removed from the custody of the mother and father.
When the mother confronted the father about A.R.'s injuries, the father told her that he had dropped A.R. The mother then called the police and moved out of the home. The father was charged with felony child abuse and remained incarcerated at the time of the deprivation hearing.
Following the deprivation hearing, the juvenile court entered another order in which it found the children to be deprived based on A.R.'s unexplained injuries believed to be the result of physical abuse, the parents' failure to protect the child from physical injuries, and the risk of harm to the children if allowed to remain in their parents' custody.[1] Clear and convincing evidence supported the juvenile court's findings.
A deprived child is one who "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals." OCGA § 15-11-2(8)(A). The primary consideration in deciding whether a child is deprived is the child's welfare, without regard to fault of the parent. In the Interest of R.M., 276 Ga.App. 707, 716, 624 S.E.2d 182 (2005). "Deprivation may be shown to have resulted from parental unfitness that is either intentional or unintentional misconduct resulting in the abuse or neglect of a child by what is tantamount to physical or mental incapability to care for the child." (Citation omitted.) In the Interest of J.V., 241 Ga. App. 621, 626, 526 S.E.2d 386 (1999). See also OCGA § 15-11-94(b)(4)(B)(v). "Unexplained injuries may constitute evidence of deprivation." (Citation and punctuation omitted.) In the Interest of S.Y., 284 Ga. App. 218, 219, 644 S.E.2d 145 (2007).
Here, A.R.'s multiple unexplained fractures while in the custody of the mother *469 and father presented sufficient evidence authorizing the juvenile court's finding that A.R. was deprived. See In the Interest of J.V., 241 Ga.App. at 626-627, 526 S.E.2d 386. While the mother argued that A.R.'s fractures were attributable to osteogenesis imperfecta ("OI"), or brittle bone disease, the medical evidence indicated otherwise. A.R.'s primary care physician testified that he was not aware of what caused the bone fractures, but that he was concerned that they were not accidental injuries. And significantly, A.R. has not suffered any problems with fractures since being taken away from her parent's custody. The juvenile court was authorized to find a lack of proper parental care and control based on the mother's failure to protect her child from injury. In the Interest of V.M.T., 243 Ga.App. 732, 736(3), 534 S.E.2d 452 (2000).
The mother also argues that there is no evidence that the children would continue to be deprived if placed back into her care because she no longer lives with the father who, the state contends, caused the child's injuries. We are unpersuaded. A juvenile court is under no obligation to return the children to the mother until they suffer further harm in order to obtain current evidence of deprivation or neglect. In the Interest of V.M.T., 243 Ga.App. at 736(3), 534 S.E.2d 452; In the Interest of E.C., 225 Ga. App. 12, 16, 482 S.E.2d 522 (1997).
The evidence supporting the juvenile court's find of deprivation as to A.R. also supported its finding of deprivation as to A.R.J. A juvenile court may consider a mother's inability to properly care for one child as evidence that she will not be able to care for her other children. See In the Interest of S.L.B., 265 Ga.App. 684, 688, 595 S.E.2d 370 (2004). Any rational trier of fact could have found by clear and convincing evidence that A.R. and A.R.J. were deprived.
Judgment affirmed.
BLACKBURN, P.J., and RUFFIN, J., concur.
NOTES
[1] Custody of the children was continued in DFCS pending the mother's completion of a reunification plan.